IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SAMUEL W. JAMES,                              )
                                              )
              Plaintiff,                      )
                                              )
vs.                                           )    Case No. 06-CV-250-TCK-PJC
                                              )
CAROLINE WALL, Judge;                         )
ALLEN KLEIN, Judge; TIM HARRIS;               )
DETECTIVE ST. CLAIR; RON NEAL;                )
DAVE BEAM; GENE WATKINS;                      )
RICHARD CLARK; STEVEN HJELM;                  )
TISH HARPER; ZACK SMITH;                      )
MICHELLE KEELY; TRAVIS HORTON,                )
                                              )
              Defendants.                     )

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
## AND DISMISSING COMPLAINT

On May 9, 2006, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt.

# 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is in custody at the

Tulsa County Jail, 300 N. Denver, Tulsa, OK, and appears *pro se*.  As discussed below, the Court

finds Plaintiff's motion for leave to proceed *in forma pauperis* shall be granted.  Plaintiff shall be

required to make monthly payments until the full $350 filing fee is paid in full.  The Court further

finds that Defendants Wall, Klein, Harris, Horton, Harper, Smith, and Keely are entitled to absolute

immunity, that Plaintiff's complaint fails to state a claim as to Defendants Clark and Hjelm, and that,

pursuant to Heck v. Humphrey, 512 U.S. 477 (1994),  the complaint shall be dismissed without

prejudice for failure to state a claim upon which relief may be granted.

A.      **Motion to proceed** *in forma pauperis*

After reviewing Plaintiff's motion, the Court finds that Plaintiff has been without funds in

his institutional account(s) for the period immediately preceding the filing of the complaint and is

currently without funds sufficient to prepay the $350 filing fee required to commence this action.[1]

Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and

his motion for leave to proceed *in forma pauperis* shall be granted.  However, pursuant to 28 U.S.C.

§1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

The Prison Litigation Reform Act ("PLRA") requires the district court to assess and collect

the $350 filing fee even when a case is dismissed before service of the summons and complaint.  See

28 U.S.C. § 1915(b)(1).  Therefore, Plaintiff shall make monthly payments of 20 percent of the

preceding month's income credited to his prison account(s) until he has paid the total filing fee of

$350.  28 U.S.C. § 1915(b)(2).  The trust fund officer or other appropriate jail official at Plaintiff's

current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from

Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the

account.  Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the

Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid.

Separate deductions and payments shall be made with respect to each action or appeal filed by

Plaintiff.  All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth

Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name

---

[1]Effective April 9, 2006, the filing fee for commencing a civil action in a United States District Court increased from $250 to $350.

and the case number assigned to this action.  The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A, 1915(e).  Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

## B.  Complaint shall be dismissed

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  Furthermore, pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.  Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's pro se complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff seeks monetary relief from

3

immune defendants.  In addition, his claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted.  Therefore, the complaint shall be dismissed.

      **1.**        **Defendants Wall, Klein, Harris, Horton, Harper, Smith and Keely are entitled to absolute immunity**

In this case, Plaintiff alleges that Defendants Wall and Klein, both serving as Tulsa County District Court Judges, should "know that my attorney is not representing me professionally . . . and is having court without me which is violating my constitutional rights."  <u>See</u> Dkt. # 1.  He also alleges that Defendant Tim Harris, the Tulsa County District Attorney, and Defendants Horton, Harper, Smith, and Keely, all Assistant District Attorneys for Tulsa County, have filed and prosecuted criminal charges against him in violation of due process and equal protection.  <u>See</u> Dkt. # 1.  He states, *inter alia*, "I was never in possession of none of the items that was used as evidence, if there were any, which is violating my constitutional rights. Without a arrest warrant and a probable cause affidavit on Defendant Samuel James makes the arrest an illegal arrest which also is against my constitutional rights."  <u>See</u> <u>id.</u>  In his request for relief, Plaintiff asks that "this case be dismissed with prejudice and that I be released and $1,000 per day for unlawful imprisonment." <u>Id.</u>

A state court judge has absolute immunity for his or her actions, unless they were nonjudicial, or taken in the complete absence of all jurisdiction.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11012 (1991).  In this case, the Court finds that the actions taken by Defendants Wall and Klein, District Judges for Tulsa County, forming the basis of Plaintiff's complaint were judicial and within the Defendants' jurisdiction as District Court Judges for Tulsa County.  Therefore, the Court concludes Defendants Wall and Klein are absolutely immune from monetary damages in this civil rights action.

In addition, state prosecutors, such as Defendants Harris, Horton, Harper, Smith and Keely, are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted).  Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993)).  The Tenth Circuit Court of Appeals has repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute immunity, and has explained that:

> In making the often "difficult distinction" between prosecutorial and non-prosecutorial activities (i.e., absolute and qualified immunity), we have held "'the determinative factor is "advocacy" because that is the prosecutor's main function.'" Pfeiffer, 929 F.2d at 1490 (quoting Rex, 753 F.2d at 843); Spielman v. Hildebrand, 873 F.2d 1377, 1382 (10th Cir. 1989).  Finally, we have applied a continuum-based approach to these decisions, stating "the more distant a function is from the judicial process and the initiation and presentation of the State's case, the less likely it is that absolute immunity will attach." Pfeiffer, 929 F.2d at 1490 (citing Snell, 920 F.2d at 687).

Gagan, 35 F.3d at 1475-76.

Applying these principles to the case at hand, the Court concludes that the action of Defendants Harris, Horton, Harper, Smith, and Keely in filing and prosecuting charges against Plaintiff is the type of conduct protected by absolute immunity.  A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process.  Imbler, 424 U.S. at 430.  Because Defendants Harris, Horton, Harper, Smith, and Keely are entitled to absolute prosecutorial immunity from civil damages, they shall be dismissed from this action with prejudice.

**2.  Dismissal of Public Defenders for failure to state a claim**

Plaintiff alleges that his attorneys, Defendants Clark and Hjelm, employed by the Tulsa

County Public Defender's Office, have violated his civil rights and that pursuant to 42 U.S.C. §

1983, Defendants are liable for those violations.  In his complaint, Plaintiff complains of various

actions by his attorneys, including failure to "fight to suppress the probable cause affidavit," and

failure to meet with him to discuss his case.  See Dkt. # 1.

The relevant civil rights statute provides as follows:

> Every person who, **under color of any statute, ordinance,
> regulation, custom, or usage, of any State** or Territory or the
> District of Columbia, subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).  The emphasized language establishes that to be liable under

§ 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor).

See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); and Harris v.

Champion, 51 F.3d 901, 909 (10th Cir. 1995).

Public defenders, like Defendants Clark and Hjelm, are not state actors within the meaning

of 42 U.S.C. § 1983.  According to the Tenth Circuit,

> Public Defenders, whether court appointed or privately retained,
> performing in the traditional role of attorney for the defendant in a
> criminal proceeding, are not deemed to act under color of state law;
> such attorneys represent their client only, not the state, and are not
> subject to suit in a 42 U.S.C. § 1983 action.

Lowe v. Joyce, No. 95-1248, 1995 WL 495208, at *1 (10th Cir. Aug. 21, 1995) (citing Harris v.

Champion, 51 F.3d 901, 910 (10th Cir. 1995)); see also Polk County v. Dodson, 454 U.S. 312, 325

6

(1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

The public defenders in <u>Harris</u> had allegedly asked for numerous and unreasonable extensions of time to file appellate briefs on plaintiff's behalf, without considering whether the client desired the extension or whether the extension was in the client's best interest.  The Tenth Circuit held that even if the public defenders' conduct was so egregious that it ultimately deprived their clients of constitutional rights, the actions were still "traditional lawyer functions."  The Court went on to hold that

> even if counsel performs what would otherwise be a traditional lawyer function, such as filing an appellate brief on his or her client's behalf, so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law.

<u>Harris</u>, 51 F.3d at 910.  In <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329 n.6 (1983), the United States Supreme Court held that "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983."  <u>Id.</u>

The Court finds that the Defendant's actions complained of in this case were  actions taken by Defendants Clark and Hjelm in their traditional role as a defense lawyers for Plaintiff. Defendants' actions were taken on behalf of Plaintiff, not on behalf of the state of Oklahoma. Consequently, Defendants' conduct was not state action for purposes of 42 U.S.C. § 1983.  Plaintiff cannot, therefore, maintain an action against Defendants Clark and Hjelm under § 1983.  Pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's civil rights complaint should be dismissed with prejudice as to those Defendants for failure to state a claim upon which relief can be granted.

### 3.  Dismissal based on <u>Heck v. Humphrey</u>

As to any remaining defendant, the Court finds Plaintiff's complaint shall be dismissed without prejudice.  "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."  <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)); <u>see also</u> <u>Smith v. Gonzales</u>, 222 F.3d 1220, 1222 (10th Cir. 2000) (citing <u>Beck v. City of Muskogee Police Dep't</u>, 195 F.3d 553, 557 (10th Cir. 1999), for proposition that "<u>Heck</u> precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed.").

The Court finds that a judgment in favor of Plaintiff on any of his claims challenging the constitutionality of his pending charge "necessarily impl[ies] the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487.  Furthermore, Plaintiff has not shown that the pending charge[2] has been dismissed.  As a result, any claim for damages under 42 U.S.C. § 1983 has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[2]Petitioner is presently charged in Tulsa County District Court, Case No. CF-2005-3720, with Robbery with Firearms.  <u>See</u> Dkt. # 1, attachment; www.oscn.net.

8

### 4.  Request for dismissal of pending criminal charge

In addition to money damages, Plaintiff seeks dismissal of his criminal charge presently pending in state court.  If Plaintiff received the relief requested, the duration of his confinement would be necessarily affected.  Such request lies in habeas corpus because it affects the length or duration of confinement.  Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990).  Therefore, Plaintiff's federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241, sought after exhaustion of state remedies, rather than a complaint under 42 U.S.C. § 1983.  The Court finds, therefore, that Plaintiff's request for dismissal of his pending charge shall be dismissed from this action.

### 5. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*.  In addition, he seeks monetary relief from immune defendants and his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1.      Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.**

2.      Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s).  Jail officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the above-cited address each time the amount in the account(s) exceeds $10 until the **$350** filing fee is paid in full.

3.      Defendants Wall, Klein, Harris, Horton, Harper, Smith and Keely are **dismissed with prejudice** from this action based on absolute immunity.

4.      Defendants Clark and Hjelm are **dismissed with prejudice** based on failure to state a claim upon which relief may be granted.

5.      Plaintiff's request for dismissal of the criminal charge pending in Tulsa County District Court is **dismissed** from this action.

6.      Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

7.      The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

8.      The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

SO ORDERED THIS 23rd day of May, 2006.

*Terence Kern*

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

10